UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS WOOD, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF PHILLIP TALMADGE WOOD (DECEASED),<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>MALAYSIA AIRLINES BERHAD, d/b/a "Malaysia Airlines," and MALAYSIAN AIRLINES SYTEM BERHAD, d/b/a "Malaysia Airlines,"<br><br>　　　　　　　Defendants. | Civil Action No. 1:16-cv-00053-KBJ |

### ANSWER AND SEPARATE DEFENSES OF DEFENDANT MALAYSIAN AIRLINE SYSTEM BERHAD (ADMINISTRATOR APPOINTED) TO PLAINTIFF'S COMPLAINT

Without waiver of any rights, privileges and defenses, and without conceding the appropriateness of any United States forum for resolution of this lawsuit, Defendant Malaysian Airline System Berhad (Administrator Appointed) (hereinafter "MAS"), incorrectly sued as "Malaysian Airlines System Berhad," through its undersigned counsel, Ludwig & Robinson, PLLC in Answer to Plaintiff's Complaint, without prejudice to its defense of immunity from the jurisdiction of the courts of the United States and of the States under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1332(a)(4), 1391(f), 1441(d), 1602 *et seq.*, states as follows:

### GENERAL ALLEGATION

　　　1.　　MAS admits only that as the national air carrier for Malaysia it operated a Boeing 777-2H6ER aircraft, serial number 28420, bearing registration number 9M-MRO (the "Aircraft") on March 8, 2014 as Flight MH370, a scheduled international passenger flight departing from Kuala Lumpur, Malaysia and bound for Beijing, China; that Philip Talmadge Wood (the

"Decedent") was a ticketed passenger on board Flight MH370; that the Convention for the Unification of Certain Rules for International Carriage by Air, concluded at Montreal, Canada on May 28, 1999 (hereinafter "Montreal Convention") is applicable to this claim because it arises out of "international carriage by air"; and that the Montreal Convention governs in accordance with the terms and conditions as set forth therein. To the extent that any remaining allegation of Paragraph 1 is inconsistent with or incomplete under the Montreal Convention or is inconsistent with court decisions of the applicable jurisdiction, it is denied. MAS denies all remaining allegations of Paragraph 1.

## THE PARTIES

2. MAS denies that the Decedent was a resident of Texas or any other state in the United States at the time of the Accident. MAS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2 and therefore denies all remaining allegations.

3. MAS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and therefore denies all allegations.

4. MAS denies that Malaysia Airlines Berhad ("MAB") is the successor in interest to MAS. The remaining allegations of Paragraph 4 are directed to a co-defendant and are not directed to MAS and therefore do not require a response. Insofar as any remaining allegation of Paragraph 4 pertaining to an entity other than MAS is deemed directed to MAS, it is denied.

5. MAS admits only that on March 8, 2014, MAS was the national air carrier for Malaysia and was (and is) an "agency or instrumentality" of the Malaysian government; that the Malaysian government owned a majority of its shares on March 8, 2014; and that the Malaysian

government currently owns 100% of its shares.  MAS denies that MAB is a successor in interest to MAS and denies each and every remaining allegation of Paragraph 5.

6. MAS admits only that the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1332(a)(4), 1391(f), 1441(d), 1602, *et seq.* (the "FSIA"), governs this claim because MAS is an "agency or instrumentality" of the Malaysian government, and that the FSIA governs in accordance with the terms set forth therein.  MAS denies all remaining allegations of Paragraph 6 as they apply to MAS.  Insofar as any remaining allegation of Paragraph 6 pertaining to an entity other than MAS is deemed directed to MAS, it is denied.

7. MAS denies each and every allegation of Paragraph 7 insofar as they are directed to MAS.  Insofar as any remaining allegation of Paragraph 7 pertaining to an entity other than MAS is deemed directed to MAS, it is denied.

8. MAS denies each and every allegation of Paragraph 8 insofar as they are directed to MAS.  Insofar as any remaining allegation of Paragraph 8 pertaining to an entity other than MAS is deemed directed to MAS, it is denied.

9. MAS admits only that it operated Flight MH370 on March 8, 2014 as a scheduled international passenger flight from Kuala Lumpur, Malaysia to Beijing, China.  MAS denies any other allegations insofar as they are directed to MAS.

**JURISDICTION AND VENUE**

10. MAS admits only that as an agency or instrumentality of a foreign state – Malaysia – whether jurisdiction is proper in the courts of the United States or of any State must be determined by reference to the FSIA, but denies that jurisdiction over MAS in connection with this lawsuit is proper.  MAS denies any other allegation of Paragraph 10 insofar as it is directed to MAS.

11. MAS denies each and every allegation of Paragraph 11.

12. MAS denies each and every allegation of Paragraph 12, inclusive of subparagraphs (a) through (b), as they apply to MAS. Insofar as any allegation of Paragraph 12 pertaining to an entity other than MAS is deemed directed to MAS, it is denied.

13. MAS denies each and every allegation of Paragraph 13 insofar as they are directed to MAS. Insofar as any allegation of Paragraph 13 pertaining to an entity other than MAS is deemed directed to MAS, it is denied.

14. MAS admits only that the Montreal Convention governs this claim in accordance with the terms and conditions as set forth therein. To the extent that any allegation of Paragraph 14 is inconsistent with or incomplete under the Montreal Convention or is inconsistent with court decisions of the applicable jurisdiction, it is denied. MAS denies each and every remaining allegation of Paragraph 14, inclusive of subparagraphs (a) through (h), insofar as they are directed to MAS. Insofar as any remaining allegation of Paragraph 14 pertaining to an entity other than MAS is deemed directed to MAS, it is denied.

15. MAS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and therefore denies all allegations.

16. MAS denies each and every allegation of Paragraph 16 insofar as they are directed to MAS. Insofar as any allegation of Paragraph 16 pertaining to an entity other than MAS is deemed directed to MAS, it is denied.

17. MAS denies that Malaysia Airlines Berhad ("MAB") is the successor in interest to MAS. The remaining allegations of Paragraph 17 are directed to a co-defendant and are not directed to MAS and therefore do not require a response. Insofar as any remaining allegation of Paragraph 17 pertaining to an entity other than MAS is deemed directed to MAS, it is denied.

18. MAS admits only that on March 8, 2014, MAS was the national air carrier for Malaysia and was an "agency or instrumentality" of the Malaysian government; that the Malaysian government owned a majority of its shares; and that the Malaysian government currently owns 100% of MAS's shares. MAS denies that it is now operating as MAB and denies each and every remaining allegation of Paragraph 18 as they apply to MAS. Insofar as any allegation of Paragraph 18 pertaining to an entity other than MAS is deemed directed to MAS, it is denied.

19. MAS denies each and every allegation of Paragraph 19 as they apply to MAS. Insofar as any allegation of Paragraph 19 pertaining to an entity other than MAS is deemed directed to MAS, it is denied.

20. MAS denies each and every allegation of Paragraph 20.

21. MAS admits only that the Malaysian government owns 100% of its shares and therefore MAS is an "agency or instrumentality" of a foreign state pursuant to the FSIA. MAS denies that venue is proper anywhere in the United States. MAS denies each and every remaining allegation of Paragraph 21 insofar as they are directed to MAS. Insofar as any remaining allegation of Paragraph 21 pertaining to an entity other than MAS is deemed directed to MAS, it is denied.

22. MAS denies each and every allegation of Paragraph 22.

## THE FACTS

### The Decedent and the "Contract of Carriage"

23. MAS lacks knowledge or information sufficient to form a belief as to whether the Decedent was a United States citizen. MAS denies all remaining allegations of Paragraph 23.

24. MAS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and therefore denies all allegations.

25. MAS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and therefore denies all allegations.

26. MAS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and therefore denies all allegations.

27. MAS admits only that the Decedent was residing and working in Malaysia at the time of the Accident. MAS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27 and therefore denies all remaining allegations.

28. MAS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 and therefore denies all allegations.

29. MAS admits only that Plaintiff's Decedent was in Malaysia when he purchased his ticket for Flight MH370. MAS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 29 and therefore denies all remaining allegations.

30. MAS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and therefore denies all allegations.

31. MAS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and therefore denies all allegations.

32. MAS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 and therefore denies all allegations as they apply to MAS. Insofar as any allegation of Paragraph 32 pertaining to an entity other than MAS is deemed directed to MAS, it is denied.

33. MAS admits only that Plaintiff's Decedent was in Malaysia when he purchased his ticket for Flight MH370. MAS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 33 and therefore denies all remaining allegations.

34. MAS denies each and every allegation of Paragraph 34.

**Flight MH370**

35. MAS admits only that the Decedent was a ticketed passenger on Flight MH370 that departed from Kuala Lumpur, Malaysia, on March 8, 2014.

36. MAS admits only that Flight MH370 departed Kuala Lumpur International Airport on March 8, 2014 and did not arrive at its destination in Beijing, China, on March 8, 2014. MAS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 36 because the investigation into the circumstances and cause of the accident involving Flight MH370 is ongoing, and therefore MAS denies all remaining allegations.

37. MAS admits only that the Director General of the Department of Civil Aviation Malaysia changed Flight MH370's status to an "accident" and that all passengers on board are presumed to have lost their lives. As to all remaining allegations of Paragraph 37, MAS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies all remaining allegations.

38. MAS admits only that the Director General of the Department of Civil Aviation Malaysia changed Flight MH370's status to an "accident" and that all passengers on board are presumed to have lost their lives. As to all remaining allegations of Paragraph 38, MAS lacks

7

knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies all remaining allegations.

## "Direct Effects" in the United States

39. MAS denies each and every allegation of Paragraph 39, inclusive of subparagraphs (a) through (e), as they apply to MAS. Insofar as any allegation of Paragraph 39 pertaining to an entity other than MAS is deemed directed to MAS, it is denied.

## The Decedent's "Principal and Permanent Residence"

40. MAS denies each and every allegation of Paragraph 40.

41. MAS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 and therefore denies all allegations.

42. MAS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 and therefore denies all allegations.

43. MAS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 and therefore denies all allegations.

44. MAS admits only that the Decedent was residing and working in Malaysia at the time of the Accident. MAS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 44 and therefore denies all remaining allegations.

45. MAS denies each and every allegation of Paragraph 45.

46. MAS denies each and every allegation of Paragraph 46.

47. MAS denies each and every allegation of Paragraph 47.

# COUNT I
## CLAIM FOR RELIEF UNDER THE MONTREAL CONVENTION
## AGAINST THE DEFENDANTS

48. MAS restates its answers to each of the allegations of Paragraphs 1 through 47 as if fully set forth herein.

49. MAS admits only that the Decedent was a ticketed passenger on Flight MH370 that departed from Kuala Lumpur, Malaysia, on March 8, 2014.

50. MAS admits only that the loss of Flight MH370 was an "accident" within the meaning of the Montreal Convention and that the Montreal Convention governs this claim in accordance with the terms and conditions set forth therein. To the extent that any remaining allegation of Paragraph 50 is inconsistent with or incomplete under the Montreal Convention or is inconsistent with court decisions of the applicable jurisdiction, it is denied.

51. MAS admits only that the Decedent was a ticketed passenger on board Flight MH370 and that all passengers on board are presumed to have lost their lives when Flight MH370 crashed into the Southern Indian Ocean. MAS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 51 and therefore denies all remaining allegations.

52. MAS admits only that the United States was a State Party to the Montreal Convention on March 8, 2014. MAS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 52 and therefore denies all remaining allegations.

53. MAS admits only that the People's Republic of China was a State Party to the Montreal Convention on March 8, 2014. MAS lacks knowledge or information sufficient to form

a belief as to the truth of the remaining allegations of Paragraph 53 and therefore denies all remaining allegations.

54. MAS admits only that Malaysia was a State Party to the Montreal Convention on March 8, 2014. MAS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 54 and therefore denies all remaining allegations.

55. MAS admits only that Flight MH370 was "international carriage by air," and that the Montreal Convention governs in accordance with the terms and conditions as set forth therein. To the extent that any remaining allegation of Paragraph 55 is inconsistent with or incomplete under the Montreal Convention or is inconsistent with court decisions of the applicable jurisdiction, it is denied.

56. MAS admits only that it operated Flight MH370 on March 8, 2014 and that the Montreal Convention governs this claim in accordance with the terms and conditions as set forth therein. To the extent that any allegation of Paragraph 56 is inconsistent with or incomplete under the Montreal Convention or is inconsistent with court decisions of the applicable jurisdiction, it is denied. MAS denies that it is now known as Malaysia Airlines Berhad ("MAB") and denies that MAB is its successor in interest. Insofar as any allegation of Paragraph 56 pertaining to an entity other than MAS is deemed directed to MAS, it is denied.

57. MAS admits only that it operated Flight MH370 and that the Montreal Convention's liability provisions govern this claim in accordance with the terms and conditions as set forth therein. To the extent that any remaining allegation of Paragraph 57 is inconsistent with or incomplete under the Montreal Convention or is inconsistent with court decisions of the applicable jurisdiction, it is denied. Insofar as any allegation of Paragraph 57 pertaining to an entity other than MAS is deemed directed to MAS, it is denied.

58. MAS admits only that the Montreal Convention applies to this claim and that the Montreal Convention's liability and damages provisions govern in accordance with the terms as set forth therein. To the extent that any remaining allegation of Paragraph 58 is inconsistent with or incomplete under the Montreal Convention or is inconsistent with court decisions of the applicable jurisdiction, it is denied. Insofar as any allegation of Paragraph 58 pertaining to an entity other than MAS is deemed directed to MAS, it is denied.

59. MAS admits only that the Montreal Convention applies to this claim and that the Montreal Convention's liability and damages provisions govern in accordance with the terms as set forth therein. To the extent that any allegation of Paragraph 59 is inconsistent with or incomplete under the Montreal Convention or is inconsistent with court decisions of the applicable jurisdiction, it is denied. Insofar as any allegation of Paragraph 59 pertaining to an entity other than MAS is deemed directed to MAS, it is denied.

60. MAS denies each and every allegation of Paragraph 60. Insofar as any allegation of Paragraph 60 pertaining to an entity other than MAS is deemed directed to MAS, it is denied.

61. MAS denies each and every allegation of Paragraph 61, inclusive of subparagraphs (a) through (h), as they apply to MAS. Insofar as any allegation of Paragraph 61 pertaining to an entity other than MAS is deemed directed to MAS, it is denied.

WHEREFORE, Defendant MALAYSIAN AIRLINE SYSTEM BERHAD (ADMINISTRATOR APPOINTED) prays for the entry of judgment in its favor and against Plaintiff, that Plaintiff's Complaint be dismissed with prejudice with costs awarded to it, and for such other and further relief as to this Court may seem just and proper in the circumstances.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSIVE MATTERS

Without prejudice to the denials contained in its Answer above, Malaysian Airline System Berhad (Administrator Appointed) ("MAS") asserts the following affirmative defenses and other defensive matters:

1. This action should be dismissed on the ground of *forum non conveniens*.

2. This Court lacks jurisdiction because MAS is an "agency or instrumentality" of a foreign state – Malaysia – as defined by the Foreign Sovereign Immunities Act (the "FSIA"), 28 U.S.C. §§ 1330, 1332(a)(4), 1391(f), 1441(d), 1602, *et seq.*, and MAS is immune from the jurisdiction of the courts of the United States and of the States because no exception to immunity under Sections 1605-1607 applies.

3. Without prejudice to its defense of immunity from the jurisdiction of the courts of the United States and of the States, this Court also lacks jurisdiction under Article 33 of the Convention for the Unification of Certain Rules for International Carriage by Air, concluded at Montreal, Canada on May 28, 1999 (hereinafter "Montreal Convention"), an international treaty, because: (i) MAS is domiciled and incorporated in Malaysia; (ii) MAS's headquarters are in Malaysia; (iii) the Decedent's ticket for Flight MH370 was purchased and issued in Malaysia; (iv) China was the Decedent's place of destination; and (v) the Decedent's "principal and permanent residence" at the time of the Accident was outside of the United States, where he had been residing since 2011; therefore, the United States is not a proper jurisdiction for this claim under Article 33 of the Montreal Convention.

4. This Court lacks personal jurisdiction over MAS in this matter.

5. Without prejudice to its defense of immunity from the jurisdiction of the courts of the United States and of the States, the Complaint fails to plead any substantive law applicable to

this suit and therefore fails to state a cause of action against MAS upon which relief can be granted.

6. Without prejudice to its defense of immunity from the jurisdiction of the courts of the United States and of the States, Plaintiff may lack standing to bring this action.

7. Without prejudice to its defense of immunity from the jurisdiction of the courts of the United States and of the States, or to the application of the law of a foreign state, this is a "nonjury civil action" governed by the FSIA, 28 U.S.C. §§ 1330, 1602, *et seq.*

8. Without prejudice to its defense of immunity from the jurisdiction of the courts of the United States and of the States, or to the application of the law of a foreign state, this is an action governed by the Montreal Convention, an international treaty, pursuant to which some or all of Plaintiff's claims for damages may be barred and/or limited.

9. Without prejudice to its defense of immunity from the jurisdiction of the courts of the United States and of the States, and to the application of the law of a foreign state, this is an action in admiralty and is governed by the legal framework of the Death on the High Seas Act ("DOHSA"), 46 U.S.C. §§ 30301, *et seq.*

10. Without prejudice to its defense of immunity from the jurisdiction of the courts of the United States and of the States, and to the application of the law of a foreign state, this is an action in admiralty governed by DOHSA, 46 U.S.C. §§ 30301, *et seq.*, pursuant to which Plaintiff's claims for damages are barred and/or limited.

11. Without prejudice to its defense of immunity from the jurisdiction of the courts of the United States and of the States, and without prejudice to the application of the law of a foreign state, this is an action in admiralty governed by DOHSA, 46 U.S.C. §§ 30301, *et seq.*, pursuant to which the class of the Decedent's eligible beneficiaries is limited.

12. Without prejudice to its defense of immunity from the jurisdiction of the courts of the United States and of the States, this is an action in admiralty governed by DOHSA, 46 U.S.C.A. §§ 30301, *et seq.*, pursuant to which Plaintiff is not entitled to a trial by jury.

13. Without prejudice to its defense of immunity from the jurisdiction of the courts of the United States and of the States, any and all injuries or damages of which Plaintiff complains were caused by the separate, independent and/or negligent actions or inactions or fault of third parties over whom MAS exercised no control or right of control.

14. Without prejudice to its defense of immunity from the jurisdiction of the courts of the United States and of the States, the right of the Plaintiff to recover in this litigation, if any, can only be determined after the percentages of fault of all parties to the incident complained of are determined, whether or not parties to this litigation, MAS demands an adjudication of the percentage of fault of each and every person whose fault contributed to this incident, and MAS's liability to Plaintiff for economic and/or non-economic damages, which is expressly denied, should be limited to its proportionate share determined in accordance with the relative culpability/liability of each person causing or contributing to the total liability, if any.

15. Without prejudice to its defense of immunity from the jurisdiction of the courts of the United States and of the States, Plaintiff's recovery, if any, shall be reduced by the amount of any collateral payments or benefits received, or entitled to be received, from any source.

16. Without prejudice to its defense of immunity from the jurisdiction of the courts of the United States and of the States, and to the application of the law of a foreign state, this action is governed by the terms and conditions set forth in MAS's General Conditions of Carriage applicable to Flight MH370 and applicable tariffs.

17. Without prejudice to its defense of immunity from the jurisdiction of the courts of the United States and of the States, MAS's operation of Flight MH370 constituted international transportation between Malaysia and China and did not operate any international transportation of Plaintiff's Decedent to or from any point in the United States; therefore, Flight MH370 was not "foreign air transportation" subject to regulation by the United States Department of Transportation. *See* 49 U.S.C. § 40102(a)(23).

18. Without prejudice to its defense of immunity from the jurisdiction of the courts of the United States and of the States, MAS expressly reserves the right to assert additional affirmative defenses as necessitated by pre-trial discovery.

19. Without prejudice to its defense of immunity from the jurisdiction of the courts of the United States and of the States, MAS expressly reserves the right to assert additional affirmative defenses as necessitated by the ongoing investigation into the circumstances and cause of the accident involving Flight MH370.

**RULE 44.1 NOTICE OF APPLICABILITY OF FOREIGN LAW**

Without prejudice to its defense of immunity from the jurisdiction of the courts of the United States and of the States, pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, MAS gives notice that it intends to raise issues concerning the law of a foreign country, including but not limited to the law of Malaysia, in this matter. Furthermore, MAS reserves the right to assert and plead claims and defenses that may arise out of the application of the substantive law of another jurisdiction.

WHEREFORE, Defendant MALAYSIAN AIRLINE SYSTEM BERHAD (ADMINISTRATOR APPOINTED), incorrectly sued as "Malaysian Airlines System Berhad," demands judgment in its favor and against Plaintiff dismissing the Complaint, together with the

costs and disbursements of this action and for such other and further relief as to this Court may seem just and proper in the circumstances.

April 8, 2016 Respectfully submitted,

By: /s/ Robert W. Ludwig
Robert W. Ludwig (No. 362526)
LUDWIG & ROBINSON, PLLC
1717 Pennsylvania Avenue, NW, Suite 650
Washington, D.C. 20006
202-289-1800 Tel.
202-289-1804 Fax
rludwig@ludwigrobinson.com

-and-

*Of counsel:*
Telly Andrews – *Pro Hac Vice to be filed*
Richard A. Walker – *Pro Hac Vice to be filed*
KAPLAN, MASSAMILLO & ANDREWS, LLC
200 West Madison Street, 16th Floor
Chicago, Illinois 60606
(312) 345-3000 Tel.
(312) 345-3119 Fax
tandrews@kmalawfirm.com
rwalker@kmalawfirm.com

*Attorneys for Defendant*
Malaysian Airline System Berhad (Administrator Appointed)

## CERTIFICATE OF SERVICE

The undersigned certifies that, on April 8, 2016, pursuant to Fed. R. Civ. P. 5 and LCvR 5.3, a true and correct copy of the foregoing Answer and Separate Defenses of Defendant Malaysian Airline System Berhad (Administrator Appointed), incorrectly sued as "Malaysian Airlines System Berhad," to Plaintiff's Complaint was filed with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the attorneys of record at the email addresses on file with the Court.

/s/ Robert W. Ludwig
Robert W. Ludwig